JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JASON McHANN

**DEFENDANTS**
AEGIS MORTGAGE CORPORATION and AEGIS LENDING CORPORATION

(b) County of Residence of First Listed Plaintiff Santa Clara (California)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kael M. Briski
The Briski Law Firm
257 North First Street, Suite 8, P.O. Box 1926
San Jose, California 95109
(408) 297-9100

Attorneys (If Known)
Robert S. Shwarts; Michael D. Weil
Orrick, Herrington & Sutcliffe LLP
400 Sansome Street
San Francisco, California 94111
(415) 3[illegible]

E-FILING

C04 01906 HRL ADR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from ☐ 3 Remanded from ☐ 4 Reinstated or ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sections 1332 & 1441. Plaintiff claims economic damages in excess of $75,000. Complete diversity existed at the time that this action was filed and still exists.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $75,000.00 CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE May 13, 2004 SIGNATURE OF ATTORNEY OF RECORD
Robert S. Shwarts (Orrick, Herrington & Sutcliffe LLP)

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

ROBERT S. SHWARTS (State Bar No. 196803)
MICHAEL D. WEIL (State Bar No. 209056)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Old Federal Reserve Bank Building
400 Sansome Street
San Francisco, California 94111-3143
Telephone: 415-392-1122
Facsimile: 415-773-5759

Attorneys for Defendants
Aegis Mortgage Corporation and Aegis Lending Corporation

ORIGINAL FILED
MAY 14 2004
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

File By Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADR

E-FILING

| | |
|---|---|
| JASON McHANN,<br>Plaintiff,<br>v.<br>AEGIS MORTGAGE CORPORATION, AEGIS LENDING CORPORATION, DOES 1-100,<br>Defendants. | Case No. C04 01906 HRL<br>NOTICE OF REMOVAL |

TO PLAINTIFF JASON MCHANN AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1441 *et seq.*, defendants Aegis Mortgage Corporation ("Aegis Mortgage") and Aegis Lending Corporation ("Aegis Lending") (collectively "Defendants") hereby remove this action from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California, based on the following facts:

**PROCEEDINGS TO DATE**

1. On March 22, 2004, a complaint for damages entitled "*Jason McHann*, Plaintiff, vs. *Aegis Mortgage Corporation, Aegis Lending Corporation, Does 1-100*, Defendants," No. 104CV016481 (the "Action") was filed in the Superior Court of California for the County of Santa Clara. A true copy of the Complaint and the summons and other papers issued with the Complaint are attached to this notice as Exhibit A. The allegations of the Complaint in the Action are incorporated by reference in this notice without necessarily admitting any of them.

2. Defendants' registered agent for service of process was served with the Complaint and the other papers, which are attached as Exhibit A, on April 14, 2004. Therefore, this notice is timely filed under 29 U.S.C. section 1446(b).

3. On May 13, 2004, Defendants' filed with the Santa Clara County Superior Court and served plaintiff with its Answer to Plaintiff's Unverified Complaint, a true copy of which is attached hereto as Exhibit B.

4. The Complaint alleges causes of action for breach of contract, fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, wage violations, conversion, accounting, rescission and wrongful termination.

5. Defendants are informed and believe and on that basis allege that there have been no other named defendants in this case and that no other defendant, whether named or not, has been served with or otherwise received the Complaint in the Action.

6. Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no party known to have either: (1) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (2) any other kind

of interest that could be substantially affected by the outcome of the proceeding.

**JURISDICTION**

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as (i) the defendants to this action and the plaintiff are citizens of different states, and (ii) the defendants are informed and believe, and therefore allege, that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

8. This action is a civil action between citizens of different states, for purposes of 28 U.S.C. § 1332(a)(i), because plaintiff and Defendants are of diverse citizenship. Complete diversity existed at the time that this action was filed and still exists.

a. Defendants are informed and believe, and on that basis allege, that at the time plaintiff commenced the Action, plaintiff was, and remains, a citizen of the State of California. *See* Complaint ¶1.

b. Aegis Mortgage is, and at the time that the Action was commenced was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Houston, Texas. *See also* Complaint ¶2.

c. Aegis Lending is, and at the time that the Action was commenced was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Baton Rouge, Louisiana. *See also* Complaint ¶3.

d. Plaintiff's Complaint also sues fictitious "Doe" defendants, but their citizenship may be disregarded for purposes of establishing this Court's jurisdiction upon removal based upon diversity of citizenship. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Bryant* v. *Ford*

*Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

9. This action meets the amount in controversy requirement of 28 U.S.C. § 1332(b), as plaintiff alleges in his Complaint that he is entitled to future wage loss, loss of future earning capacity, loss of employment benefits including stock, stock options, and vesting thereof, for insurance benefits, compensatory damages, general damages, punitive damages and reasonable attorney's fees. *See* Complaint p. 16-17. Plaintiff also seeks $30,000 for Defendants' alleged failure to pay him a bonus. *See* Complaint ¶49. Plaintiff also seeks penalties in the amount of $27,692.10. *See* Complaint ¶53. Further, in his fraud causes of action, plaintiff alleges that Defendants fraudulently promised him an income of $240,000 to $300,000, but alleges he was denied such amounts as a result of Defendants' conduct. *See* Complaint ¶¶12(E), 14 & 14(E). Based on the foregoing, the amount in controversy in this case "easily exceed the jurisdictional minimum." *See Bosinger v. Phillips Plastics Corporation*, 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999) (wrongful termination case properly removed where complaint silent as to amount in controversy but included claims for emotional distress, punitive damages and attorney's fees). Accordingly, Defendants are informed and believe, and on that basis allege, that it is factually apparent from the Complaint that plaintiff claims damages in an amount in excess of $75,000 and, therefore, the amount in controversy in the Action (exclusive of interest and costs) is in excess of $75,000.

10. Because this Action is currently pending before the Superior Court of California for the County of Santa Clara, this District is the proper venue for this Action upon removal. *See* 28 U.S.C. § 1441(a).

///

///

///

///

///

///

11. For the reasons set forth above, the Complaint is removable to this Court under 28 U.S.C. § 1441.

Dated: May 13, 2004

ROBERT S. SHWARTS
MICHAEL D. WEIL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ______________________
Robert S. Shwarts
Attorneys for Defendants
Aegis Mortgage Corporation and Aegis Lending Corporation

# Exhibit A

CT System

**Service of Process Transmittal Form**
**Los Angeles, California**

**04/15/2004**

**Via Federal Express (Overnight)**

RECEIVED
APR 1 6 2004
By

TO: Michael C Balog
Aegis Mortgage Corporation
3250 Briarpark Suite 400
Houston, TX 77042

**RE: PROCESS SERVED IN CALIFORNIA**

**FOR** AEGIS Lending Corporation Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Jason Mchann vs Aegis Mortgage Corporation, et al incl., Aegis Lending Corporation |
| **2. DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Attachment |
| **3. COURT:** | Superior Court of California, County of Santa Clara<br>Case Number 104CV016481 |
| **4. NATURE OF ACTION:** | Complaint for alleged breach of contract. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Los Angeles, California |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 04/14/2004 at 15:10 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **8. ATTORNEY(S):** | Kael M. Briski<br>The Briski Law Firm<br>(408) 297-9100<br>257 North First Street<br>Suite 8<br>San Jose, CA 95109-0000 |
| **9. REMARKS:** | |

**SIGNED** CT Corporation System

**PER** Jere J. Kaprios /GA
**ADDRESS** 818 West Seventh Street
Los Angeles, CA 90017
SOP WS 0006229404

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

APR 1 4 2004

3:10

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
AEGIS MORTGAGE CORPORATION, AEGIS LENDING CORPORATION; DOES 1-100

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON MCHANN

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara,
191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
1 04 CV 016481

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kael M. Briski (Bar # 157131) THE BRISKI LAW FIRM
257 North 1st St. Ste. 8 P.O. Box 1926
San Jose, California 95109
Phone No. (408) 297-9100
Fax No. (408) 297-4304

DATE: *(Fecha)* MAR 2 2 2004

Kiri Torre
Chief Executive Officer/Clerk, by *(Secretario)* Sara Batrez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

THE GREAT SEAL OF THE STATE OF CALIFORNIA
EUREKA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Aegis Lending Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [New January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis Automated California Judicial Council Forms

APR. 16. 2004 2:28PM NO. 660 P. 3
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 3/23

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Kael M. Briski (Bar # 157131)
THE BRISKI LAW FIRM, 257 North 1st St. Ste. 8 P.O. Box 1926
San Jose, California 95109
TELEPHONE NO.: (408) 297-9100 FAX NO.: (408) 297-4304
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

FOR COURT USE ONLY
ENDORSED FILED
MAR 22, 2004
CHIEF EXEC. OFFICER/CLERK SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
BY Sara Baltrez DEPUTY

CASE NAME:
MCHANN V AEGIS MORTGAGE

**CIVIL CASE COVER SHEET**

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 104CV016481
JUDGE:
DEPT.:

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental /Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 11
5. This case [ ] is [X] is not a class action suit.

Date: March 22, 2004

Kael M. Briski
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.





NO. 660 P. 4
APR. 16. 2004 2:28PM
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 4/23

KAEL M. BRISKI, ESQ. (CSB # 157131)
The Briski Law Firm
257 North First St. Ste. 8
P.O. Box 1926
San Jose, CA 95109
(408) 297-9100

Attorneys for Plaintiff JASON MCHANN

ENDORSED
FILED
MAR 22 2004
TORRE
CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Sara Baltez DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| JASON MCHANN,<br>Plaintiff,<br>vs.<br>AEGIS MORTGAGE CORPORATION, AEGIS LENDING CORPORATION, DOES 1-100<br>Defendants. | Case No.: 104CV016481<br>COMPLAINT FOR DAMAGES FOR FRAUD, BREACH OF CONTRACT, FAILURE TO PAY WAGES, WAITING TIME PENALTIES, CONVERSION, ACCOUNTING, RESCISSION, WRONGFUL TERMINATION |

COMES NOW PLAINTIFF JASON MCHANN, AND FOR CAUSES OF ACTION AGAINST DEFENDANTS, AND EACH OF THEM, ALLEGES AS FOLLOWS:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff JASON MCHANN (hereinafter referred to as "Plaintiff") is an individual who at all times herein mentioned, resided in the County of Santa Clara, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant AEGIS MORTGAGE CORPORATION is and was a Delaware Corporation doing business in the State of California.



APR. 16. 2004 2:29PM NO. 660 P. 5
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 5/23

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant AEGIS LENDING CORPORATION is and was a Delaware Corporation doing business in the State of California.

4. Collectively AEGIS MORTGAGE CORPORATION, and or AEGIS LENDING CORPORATION will hereafter be referred to as "AEGIS."

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Donna Bodnarchuk, (hereinafter referred to as "Ms. Bodnarchuk), (not a party hereto) was, at all times mentioned herein, acting in the capacity as a Regional Vice President of AEGIS, and in doing the things herein alleged was acting within the scope of her express or implied authority to make representations, contracts or otherwise bind or act on behalf of AEGIS, and in so doing, was acting in a managerial capacity for AEGIS.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES ONE THROUGH ONE HUNDRED inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff prays leave to amend the complaint when the true names and capacities are discovered.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, employee, joint venturer, and or co-conspirator of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, joint venture, and or conspiracy.

8. From on our about January 2003 through September 26, 2003, Plaintiff was employed by AEGIS as a Branch Manager for Aegis; as is relevant here, Plaintiff is informed and believes and thereon alleges that AEGIS is in the business of making mortgage loans.

9. Prior to his employ with AEGIS, Plaintiff was employed by Household Finance (hereafter "Household"), not a party hereto for the period of approximately two years as a Branch Manager for Household. In general, Plaintiff had experience at Household making mortgage and other loans, and did manage a staff at Household engaged for



APR. 16. 2004 2:29PM A NO. 660 P. 6
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 6/23

such purposes; Plaintiff lived in the City of Santa Clara, County of Santa Clara, CA and commuted from there to Household's office in Livermore, CA.

10. On or about September 26, 2003, Plaintiff was terminated from AEGIS by Ms. Bodnarchuk without cause.

**FIRST CAUSE OF ACTION**

**(Fraud-Intentional Misrepresentation)**

Plaintiff alleges as follows:

11. Plaintiff incorporates the allegations set forth in paragraphs 1-10 herein as though fully set forth at length.

12. In or around October of 2003, Plaintiff was approached by Ms. Bodnarchuk of AEGIS who made overtures to Plaintiff that AEGIS would like to hire Plaintiff to work for AEGIS. In doing so, Ms. Bodnarchuk made misrepresentations to Plaintiff about the nature of the job, location of employment, and or compensation that Plaintiff would be receiving, in particular, in late October through November of 2002, Ms. Bodnarchuk represented to Plaintiff over the telephone as follows:

A. AEGIS wanted to hire Plaintiff as its Branch Manager at a new office that they were taking over that was located in San Jose, CA.

B. That the office in San Jose, CA was an existing branch that was fully staffed with approximately 13 qualified and or experienced mortgage loan officers and one assistant that were trained and or familiar with the mortgage lending industry; that in essence, the office was "turnkey" but they wanted an experienced and motivated new Branch Manager to take the office over and run it.

C That the San Jose, CA office that Plaintiff would be taking over as branch manager was receiving 40 quality leads per loan officer, per month.

D. That the San Jose, CA office was producing between $5.8 million to $8.0 million in gross loans per month on average.

//

//



APR. 16. 2004 2:30PM A NO. 660 P. 7
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 7/23

E. That based upon the existing volume of mortgage loans being produced, Plaintiff's income as Branch Manager would be in the range of $240,000.00 to $300,000.00 including salary and bonuses for production of mortgage loans.

F. That since AEGIS usually promoted from within the organization, but was hiring Plaintiff from outside the organization, AEGIS was making a long term employment commitment to Plaintiff.

G. That Plaintiff would be embarking on a new concept of splitting each office into two teams, and that if successful, Plaintiff would be promoted as a Regional Manager thus resulting in additional salary and bonuses.

13. Plaintiff emphasized to Ms. Bodnarchuk that it was critical that the job be located in San Jose, CA because he did not want to commute to Livermore or elsewhere; Ms. Bodnarchuk assured Plaintiff that the job and office were in San Jose, CA.

14. Plaintiff is informed and believes and thereon alleges that at the time of the representations made in paragraph 12, A-G through 13 herein, that AEGIS and or Ms. Bodnarchuk knew that the statements were false when made. The true facts were that:

A. There was not an existent office that AEGIS had purchased in San Jose, CA; rather, at the time the representation was made, regarding the San Jose, CA location, AEGIS and or Ms. Bodnarchuk knew that the office was located in Newark, CA.

B. The office was not an existing branch fully staffed as represented, and in fact, the office location in Newark, CA had no staff; was vandalized including having: multiple holes in the walls, rotten fruits and or vegetables everywhere including in desks and wholes in the walls, used ladies sanitary items in desks in the office, no workable phone or computer system, no staff of any kind; Plaintiff would have to start from scratch instead of walking into a "turnkey" operation with 13 qualified and or experienced mortgage loan officers and one assistant since there were no loan officers, no assistant, no equipment, and no means of operating a mortgage loan business from the Newark location;

//



APR. 16. 2004 2:30PM NO. 660 P. 8
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 8/23

C. There were no leads being generated for any staff in the Newark office, let alone the 40 qualified leads per loan officer as represented.

D. There was no San Jose office, nor any office in which Plaintiff could or would be placed that was generating between $5.8 million to $8.0 million in gross loans per month on average.

E. There was no feasible manner in which Plaintiff could earn any bonus or commission much less $240,000.00 to $300,000.00 without any staff or means of operating a business.

F. The secret intent of AEGIS and or Ms. Bodnarchuk was to bring Plaintiff on board at AEGIS, have him turn around a non-producing office, and to then terminate him so that AEGIS could keep any profits that otherwise would rightfully have gone to Plaintiff.

G. The secret intent of AEGIS and or Ms. Bodnarchuk was to bring Plaintiff on board at AEGIS, have him turn around a non-producing office, and to then terminate him after he began introducing the team concept to the office so that AEGIS and or Ms. Bodnarchuk could keep any bonuses or commissions that otherwise would rightfully have gone to Plaintiff; there was never any intent to make Plaintiff a Regional Manager as represented. Plaintiff is informed and believes and thereon alleges that AEGIS has a custom, pattern and or practice of making multiple false representations to their employees and or prospective employees without any intent of keeping them, and with the secret intent of utilizing such fraud to take money rightfully owing to their employees.

15. By making the representations in paragraphs 12 and or responding to Plaintiff's stated concerns expressed in paragraph 13, including indicating that AEGIS intended a long-term relationship with Plaintiff, AEGIS and or Ms. Bodnarchuk expressly and or impliedly represented that Plaintiff's job was secure; these representations were false when made and known to be false.

//

//



APR. 16. 2004 2:31PM A NO. 660 P. 9
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 9/23

16. Plaintiff relied upon the representations to his detriment; he accepted the AEGIS job; he did not receive what was represented to him; Plaintiff was unable to go back to his job at Household.

17. At the time the representations contained in paragraphs 12-13 were made, Plaintiff was ignorant of Defendants' secret intention not to perform, and could not have, with reasonable diligence, discovered their secret intention. Had Plaintiff known the true facts, he would not have taken the actions as herein alleged.

18. Defendants, and each of them, intended that Plaintiff rely upon their representations; said representations were made in order to induce Plaintiff to rely thereon and take the actions herein alleged including leaving Household, and joining the employ of AEGIS.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had the secret intention to cause harm to Plaintiff as set forth herein. Defendants, and each of them, intended to convey and did convey that Plaintiff had a secure job and that Plaintiff's employment would continue indefinitely into the future unless grounds existed for termination for cause.

20. As a proximate result of the misrepresentations alleged herein, Plaintiff has suffered damages in the form of lost wages, bonuses, stock options and or vesting, employment benefits, general damages, and other damages according to proof.

21. The aforementioned actions of Defendants were an intentional misrepresentation, deceit, or concealment of a material fact, known to the defendants with the intention on their part of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

WHEREFOR Plaintiff prays for judgment as hereinafter set forth.

//

//



APR. 16. 2004 2:31PM A NO. 660 P. 10
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 10/23

## SECOND CAUSE OF ACTION

**(Fraud-Negligent Misrepresentation)**

Plaintiff alleges as follows:

22. Plaintiff incorporates the allegations set forth in paragraphs 11-21 herein as though fully set forth at length.

23. As an alternative or in addition to his intentional misrepresentation cause of action, Plaintiff is informed and believes and thereon alleges that when the Defendants made the representations and took the actions set forth in paragraphs 19-28, they had no reasonable grounds for believing them to be true.

24. Said representations or actions were undertaken by Defendants with the intention that Plaintiff rely thereon in the manner herein alleged, or with the expectations that Plaintiff would so act.

25. As a proximate result of the misrepresentations alleged herein, Plaintiff has suffered damages in the form of lost wages, bonuses, stock options and or vesting, employment benefits, general damages, and other damages according to proof.

WHEREFOR Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Fraud-Concealment of Facts)**

Plaintiff alleges as follows:

26. Plaintiff incorporates the allegations set forth in paragraphs 22-25 herein as though fully set forth at length.

27. As an alternative or in addition to the intentional and or negligent misrepresentation causes of action, Plaintiff is informed and believes and thereon alleges that when the Defendants made the representations and took the actions set forth in paragraphs 12-13, that Defendants concealed the true facts known to them, to wit, Defendants knew that the facts alleged in paragraphs 12-13 were not true, that the true facts were those stated in paragraph 14. Defendants failed to reveal these facts to Plaintiff. Had Plaintiff known these facts he would not have accepted the job at AEGIS.

Defendants, having undertaken to make affirmative representations had a duty not to conceal said facts.

28. The failure to disclose these facts concerning Plaintiff's job, potential job and or terms thereof at AEGIS was likely to mislead and did mislead Plaintiff in light of all of the representations express and or implied made by Defendants.

29. As a proximate result of the misrepresentations alleged herein, Plaintiff has suffered damages in the form of lost wages, bonuses, stock options and or vesting, employment benefits, general damages, and other damages according to proof.

30. The aforementioned actions of Defendants were an intentional misrepresentation, deceit, or concealment of a material fact, known to the defendants with the intention on their part of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

WHEREFOR Plaintiff prays for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Breach of Contract against AEGIS)**

31. Plaintiff incorporates the allegations set forth in paragraphs 26-30 herein as though fully set forth at length.

32. On or about late November or early December of 2003, the Plaintiff entered into a contract for employment with AEGIS in the City of Santa Clara, County of Santa Clara, CA (hereinafter the "Employment Contract") that was partly written, partly oral, and partly implied. On or about late November or early December of 2003, Plaintiff executed and or accepted AEGIS'S offer letter which forms a portion of the Contract; Plaintiff is not in possession of the executed offer letter nor the written contract and is informed and believes and thereon alleges that AEGIS has the same in its possession.

33. The terms of the Employment Contract relied upon by Plaintiff include, but are not limited to:



APR. 16. 2004 2:32PM A NO. 660 P. 12
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 12/23

A. The written offer letter, which Plaintiff is informed and believes and thereon alleges that, among other things, set Plaintiff's salary.

B. The oral promises and or representations made by Ms. Bodnarchuk that as set forth in paragraphs 12-13 herein, which are incorporated herein by reference.

C. The AEGIS branch manager compensation plan

34. Defendant AEGIS breached its contract with Plaintiff by:

A. Refusing to give plaintiff the opportunity to succeed at his job including failing to provide the San Jose Branch with 13 experienced loan officers as promised, but rather, by taking the actions set forth in paragraph 14 herein, and or ultimately providing Plaintiff a new branch office with inexperienced loan officers;

B. For failing to provide Plaintiff with the promised branch office in San Jose under the conditions represented and or promised by AEGIS in paragraphs 12-13 herein;

C. By failing to pay Plaintiff wages and or bonuses when due, as herein alleged, and or by failing to provide Plaintiff the means of obtaining bonuses by failing to perform as promised;

D. By terminating Plaintiff in an intentional effort to deprive Plaintiff of commissions on sales made and or earned in the 3rd quarter of 2003 ending September 30, 2003. Plaintiff was terminated on September 26, 2003 and received no quarterly bonus to which he was entitled.

35. By virtue of the representations made and or actions taken by AEGIS through their authorized agent Ms. Bodnarchuk as set forth in paragraphs 12-13, and as alleged herein, an express oral contract and or implied in fact contract existed whereby AEGIS agreed to employ Plaintiff for a substantial amount of time, including indefinitely, such that Plaintiff could not be terminated except for cause.

36. As a result of the representations and or actions taken herein, any contract or agreement whether oral, written, implied in fact or law, included the term that Plaintiff would be guaranteed continuing employment and would not be terminated except for cause.



APR. 16. 2004 2:33PM NO. 660 P. 13
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 13/23

37. In making the contract herein alleged, AEGIS knew and intended that Plaintiff would give up his employment with Household in exchange for AEGIS express or implied contract not to terminate Plaintiff except for cause, and to guarantee future employment.

38. AEGIS has taken actions adveree to said contract by terminating the employment of Plaintiff on or about September 26, 2003, effective September 30, 2003.

39. AEGIS has refused and continues to refuse to allow Plaintiff the benefits of his contract and to perform under this contract in the agreed on manner.

40. As a direct, foreseeable, and proximate result of AEGIS' breaches, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount to be proven at trial. Plaintiff prays leave to assert any such sums when ascertained.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

**FIFTH CAUSE OF ACTION**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

41. Plaintiff incorporates the allegations set forth in paragraphs 31-40 herein as though fully set forth at length.

42. As a result of the employment relationship which existed between Plaintiff and AEGIS, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, AEGIS promised to act in good faith toward and deal fairly with plaintiff which requires, among other things, that:

(a) Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

(b) Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

(c) Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d) AEGIS would comply with its own representations, rules, policies, and



APR. 16. 2004 2:33PM NO. 660 P. 14
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 14/23

procedures in dealing with plaintiff;

(e) AEGIS would not terminate plaintiff without a fair and honest cause, regulated by good faith on defendant employer's part;

(f) AEGIS would not terminate plaintiff in an unfair manner; and

(g) AEGIS would give plaintiff's interests as much consideration as it gave its own interests.

43. AEGIS' failure to comply with their promises and representations as set forth in paragraphs 12-14 herein, including their termination of plaintiff was wrongful, in bad faith, and unfair, and therefore a violation of AEGIS' legal duties. Plaintiff further alleges that AEGIS breached the covenant of good faith and fair dealing when it:

(a) Repeatedly refused to abide by its own promises and representations when dealing with plaintiff;

(b) Unfairly prevented Plaintiff from obtaining the benefits of his bargain regarding the employment relationship;

(c) Terminated Plaintiff's employment in an effort to effectively convert Plaintiff's commissions and bonuses that were due him, as hereafter alleged.

(d) Terminated Plaintiff's employment in a manner that was inconsistent with defendant employer's stated policies and practices and or representations to Plaintiff.

44. AEGIS' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to plaintiff. As a direct and proximate result of defendant employer's unlawful conduct alleged in this complaint, plaintiff has lost substantial employment benefits with defendant employer, including loss of reputation, lost wages, and other employee fringe benefits in an amount which will be proven at trial. Plaintiff prays leave to assert any such sums when ascertained.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

//

//

## SIXTH CAUSE OF ACTION

### (Failure to Pay Wages-Violation of Labor Code § 201)

Plaintiff alleges as follows:

45. Plaintiff incorporates by reference the allegations set forth in paragraphs 41-44, herein as though fully set forth at length.

46. Plaintiff is informed and believes and thereon alleges that as part of his compensation plan, Plaintiff was entitled to a bonus of approximately 5% per month of monthly sales of the branch that he ultimately operated for AEGIS, and or was entitled to an additional quarterly bonus based upon sales generated at his branch of AEGIS in the approximate amount of 10%.

47. On or about September 26, 2003, Plaintiff was terminated with an effective date of September 30, 2003. Plaintiff is informed and believes and thereon alleges that the date of September 30, 2003 was the end of AEGIS' third quarter, and that Plaintiff was due a monthly and or quarterly bonus at that time. Plaintiff is informed and believes and thereon alleges that Plaintiff had taken all necessary steps to earn the monthly bonus; Plaintiff is further informed and believes and thereon alleges that the only reason he was terminated by AEGIS was that it was part of AEGIS' course, custom and or practice to hire an experienced manager, make misrepresentations to them about their jobs, as was done with Plaintiff as alleged herein, and once Plaintiff or other similarly situated managers had generated a profitable operations, that AEGIS would then terminate Plaintiff and or other similarly situated managers, and keep the commissions or bonuses that would have been provided to Plaintiff, and or other similarly situated managers, for themselves, thus depriving Plaintiff, and other similarly situated managers the benefit of their bargain. Plaintiff is informed and believes and thereon alleges that he was owed the minimum amount of $30,000.00 in bonuses on or about September 26 through September 30, 2003, that date(s) of his termination.

48. AEGIS has failed and refused, and continues to fail and refuse, to pay Plaintiff the said sum.



APR. 16. 2004 2:34PM — A — OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 16/23 NO. 660 P. 16

49. AEGIS' failure to pay the sum of $30,000.00 constituting unpaid commission as set forth herein violates Labor Code § 201.

50. Pursuant to Labor Code §218.5, PLAINTIFF is entitled to, and requests that the Court award him reasonable attorney's fees and costs incurred in this action.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

**SEVENTH CAUSE OF ACTION**

**(Waiting Time Penalties Under Labor Code § 203)**

52. AEGIS' failure to pay wages as alleged in paragraphs herein was willful in that AEGIS knew on or about September 30, 2003, that the wages were due, but they intentionally failed and or refused to pay said wages, which was an act that they knew was required to be done, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty for a period of up to 30 days from the time they were due on or about September 30, 2003.

53. PLAINTIFF is informed and believes and thereon alleges that his average daily wage was, at a minimum, $923.07; based upon 30 days penalties, such sum multiplied by 30 equates to $ 27,692.10. Plaintiff prays leave to assert any additional sums when ascertained.

54. Pursuant to Labor Code §218.5, PLAINTIFF is entitled to, and requests that the Court award him reasonable attorney's fees and costs incurred in this action.

**EIGHTH CAUSE OF ACTION**

**(Conversion)**

Plaintiff alleges as follows:

55. Plaintiff incorporates by reference the allegations set forth in paragraphs 51-54 herein as though fully set forth at length.

56. Plaintiff is informed and believes and thereon alleges that AEGIS held, and continues to hold, the minimum sum $30,000.00 constituting sums owed to Plaintiff as herein alleged in paragraph 47.

//



APR. 16. 2004 2:34PM NO. 660 P. 17
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 17/23

57. At all times mentioned herein, Plaintiff was entitled to possession of said commissions/bonus in the approximate amount of $30,000.00

58. On or about September 30, 2003, AEGIS took the above-mentioned property of Plaintiff and converted the same to their own use.

59. AEGIS has failed and refused, and continue to fail and refuse to deliver said commissions.

60. AEGIS conduct as herein alleged was willful, wanton, malicious, oppressive, and or despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

**NINTH CAUSE OF ACTION**

**(Accounting)**

Plaintiff alleges as follows:

61. Plaintiff incorporates by reference the allegations set forth in paragraphs 55-60 herein as though fully set forth at length.

62. Plaintiff is informed and believes and thereon alleges that he is owed certain commissions as alleged herein, however, Plaintiff does not know the precise amount owed him because the sales commission reports that would determine his commission payments are in the sole possession of AEGIS.

63. AEGIS has failed and refused, and continues to refuse to provide said commission reports, or any accounting to Plaintiff.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

**TENTH CAUSE OF ACTION**

**(Rescission)**

Plaintiff alleges as follows:

64. Plaintiff incorporates by reference the allegations set forth in paragraphs 61-63 herein as though fully set forth at length.



APR. 16. 2004 2:34PM NO. 660 P. 18
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 18/23

65. Plaintiff is informed and believes and thereon alleges that he and AEGIS entered into an employment agreement that was partially written herein alleged.

66. AEGIS made the representations, and committed the fraudulent acts as set forth herein in paragraphs 12 through 13 inclusive as herein alleged.

67. Plaintiff relied upon AEGIS' representations as herein alleged; as a result of said reliance, Plaintiff entered into an employment agreement with AEGIS, a portion of which was contained in a written contract for employment with AEGIS.

68. Had Plaintiff known the true facts as alleged herein in paragraph 14, he would never have signed the written contract.

69. Plaintiff has at all times performed his obligations as required.

70. Sometime after entering into an employment relationship with AEGIS as herein alleged, Plaintiff discovered the true facts as alleged in paragraph 14 herein.

71. That with rescission of the written employment contract, Plaintiff alleges that the contractual terms were those represented expressly or impliedly by Ms. Bodnarchuk as alleged in paragraph 12-13 herein, inclusive.

72. Service of the summons and complaint in this action constitutes notice of rescission of the written employment contract between Plaintiff and an offer to restore benefits received, as provided in Code of Civil Procedure section 1691, provided that AEGIS do likewise, or alternatively, that AEGIS restore the difference between what Plaintiff was paid, and the remuneration as herein promised.

**ELEVENTH CAUSE OF ACTION**

**(Wrongful Termination)**

Plaintiff alleges as follows:

73. Plaintiff incorporates by reference the allegations set forth in paragraphs 64-72 herein as though fully set forth at length.

74. Plaintiff is informed and believes and thereon alleges that his termination was in violation of the public policy of this State as set forth in Labor Code § 201 in

//



APR. 16. 2004 2:35PM NO. 660 P. 19
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 19/23

that AEGIS was required to pay any and all wages, including bonuses and or commissions.

75. AEGIS took the actions as alleged herein, and in particular, in paragraphs 45-49 herein with the explicit intent of depriving Plaintiff of his earned bonuses and or commissions which were then due and owing; in so doing, AEGIS deprived Plaintiff of his rights under Labor Code § 201.

76. Plaintiff is informed and believes and thereon alleges to the extent that AEGIS had a policy or contract with Plaintiff to the contrary, that such policy is unconscionable, unenforceable, and or void as a matter of law.

77. As a proximate result of the actions, as alleged above, Plaintiff was harmed in that he was terminated from AEGIS, and as a result thereof, has suffered wage loss including bonuses, and or loss of employment benefits in an amount according to proof.

78. As a further proximate result of AEGIS' actions against Plaintiff, as alleged above, Plaintiff was further harmed in that he was hurt and injured in his health, strength and activity, sustaining injury to his nervous system and person, all of which injuries have caused and continue to cause him great mental, physical and nervous pain and suffering. As a result of such injuries, Plaintiff has suffered general damages in an amount according to proof.

79. The actions taken by AEGIS, as alleged above, were done in conscious disregard of Plaintiff's rights under the California Labor Code in an oppressive and or malicious fashion. Plaintiff is therefore entitled to punitive damages.

WHEREFOR PLAINTIFF prays for judgment as hereinafter set forth:

1. For past and future wage loss, loss of future earning capacity, loss of employment benefits including stock, stock options, and vesting thereof, for insurance benefits, and other monetary relief according to proof;

2. For general damages according to proof;

3. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;



APR. 16. 2004 2:35PM NO. 660 P. 20
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 20/23

4. For interest on the sum of damages award, calculated from September 30, 2003 to the date of judgment;

5. For reasonable attorney's fees;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court deems proper.

DATED: March 22, 2004

THE BRISKI LAW FIRM

By: Kael M. Briski
Attorney for Plaintiff
JASON MCHANN



APR. 16. 2004 2:36PM NO. 660 P. 21
OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 21/23

# CIVIL LAWSUIT NOTICE

CASE NUMBER: 1 04 CV 016481

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

**READ THIS ENTIRE FORM**

***PLAINTIFFS*** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANTS*** (the person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, **within 30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

***Your Case Management Judge is:*** Socrates Manoukian ***DEPT:*** 07

***The first CMC is scheduled as follows:*** (Completed by Clerk of Court)
***Date:*** JUL 2 0 2004 ***Time:*** 1:30pm ***Dept.:*** 07

***The next CMC is scheduled as follows:*** (Completed by party if the first CMC was continued or has passed)
***Date:*** ____________ ***Time:*** ________ ***Dept.:*** _____

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.



APR. 16. 2004 2:36PM ... OHS INFO- FaxReceived: 04/16/2004 12:26PM * Pg 22/23
NO. 660 P. 22

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.
- Mediation may be appropriate when:
  - The parties want a nonadversary procedure
  - The parties have a continuing business or personal relationship
  - Communication problems are interfering with a resolution
  - There is an emotional element involved
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

# Exhibit B

ROBERT S. SHWARTS (State Bar No. 196803)
MICHAEL D. WEIL (State Bar No. 209056)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Old Federal Reserve Bank Building
400 Sansome Street
San Francisco, California 94111-3143
Telephone: 415-392-1122
Facsimile: 415-773-5759

Attorneys for Defendants
Aegis Mortgage Corporation and Aegis Lending Corporation

( ENDORSED )
FILED
MAY 13 '04
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY ______ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JASON McHANN,<br>Plaintiff,<br>v.<br>AEGIS MORTGAGE CORPORATION, AEGIS LENDING CORPORATION, DOES 1-100,<br>Defendants. | CASE NO. 104CV016481<br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |

Defendants Aegis Mortgage Corporation and Aegis Lending Corporation (collectively "Defendants") hereby answer the unverified complaint ("Complaint") filed by Plaintiff Jason McHann ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants generally deny each and every material allegation of the Complaint and further deny that Plaintiff has been damaged in the manner or amount alleged, or in any manner or amount.

**AFFIRMATIVE DEFENSES**

Defendants are still investigating the acts and behavior alleged in the Complaint. After further discovery in this case, Defendants will seek leave to amend this Answer if they discover facts demonstrating the existence of additional defenses.

**FIRST DEFENSE**

1. As a separate defense to the Complaint, Defendants allege that the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. As a separate defense to the Complaint, Defendants allege that Plaintiff approved and ratified the actions complained of therein and is barred from asserting any causes of action upon which Plaintiff now seeks relief.

**THIRD DEFENSE**

3. As a separate defense to the Complaint, Defendants allege that Plaintiff relinquished and waived any right to any of the causes of action upon which Plaintiff now seeks relief.

**FOURTH DEFENSE**

4. As a separate defense to the Complaint, Defendants allege that Plaintiff has failed to comply with California Labor Code sections 2854, 2856, 2858, and 2859, respectively, to the extent that Plaintiff's recovery in this action is barred by his failure to exercise reasonable care and diligence to mitigate his alleged damages, or alternatively, any recovery by Plaintiff should be reduced by those damages that he failed to mitigate.

**FIFTH DEFENSE**

5. As a separate defense to the Complaint, Defendants allege that Plaintiff failed to use ordinary care, diligence and skill in the performance of his duties and failed to substantially comply with the reasonable directions of his employer.

**SIXTH DEFENSE**

6. As a separate defense to the Complaint, Defendants allege that Plaintiff fails to state facts sufficient to support an award of compensatory, or exemplary damages against Defendants.

**SEVENTH DEFENSE**

7. As a separate defense to the Complaint, Defendants allege that to the extent Plaintiff alleges that Defendants have an obligation to which full performance has not been

rendered or excused, the obligation is illusory, void and unenforceable.

**EIGHTH DEFENSE**

8. As a separate defense to the Complaint, Defendants allege that, to the extent Plaintiff alleges that Defendants have an obligation to which full performance has not been rendered or excused, there has been a failure of consideration.

**NINTH DEFENSE**

9. As a separate defense to the Complaint, Defendants allege that, Plaintiff, by his own acts and omissions, breach of duty, failure to perform, and own breaches of the implied covenant of good faith and fair dealing, breached the contract he alleges to have existed and therefore is not entitled to any relief under that alleged contract or agreement.

**TENTH DEFENSE**

10. As a separate defense to the Complaint, Defendants allege that, Plaintiff, by his own acts and omissions, has breached the covenant of good faith and fair dealing and is further barred by the doctrine of bad faith and from asserting the causes of action upon which he seeks relief.

**ELEVENTH DEFENSE**

11. As a separate defense to the Complaint, Defendants allege that any claim by Plaintiff based on an alleged oral contract is barred by the Statute of Frauds set forth in California Civil Code § 1624.

**TWELFTH DEFENSE**

12. As a separate defense to the Complaint, Defendants allege that any relief to which Plaintiff may be entitled should be barred and/or limited by subsequently discovered evidence of misconduct by Plaintiff which would have resulted in Plaintiff's termination.

**THIRTEENTH DEFENSE**

13. As a separate defense to the Complaint, Defendants allege that by Plaintiff's acts or omissions, he is estopped from asserting any causes of action upon which he now seeks relief.

**FOURTEENTH DEFENSE**

14. As a separate defense to the Complaint, Defendants allege that by Plaintiff's acts

and omissions, he is barred by the doctrine of unclean hands from asserting any of the causes of action upon which he now seeks relief.

**FIFTEENTH DEFENSE**

15. As a separate defense to the Complaint, Defendants allege that Plaintiff's causes of action fail because Plaintiff was an at-will employee.

**SIXTEENTH DEFENSE**

16. As a separate defense to the Complaint, Defendants allege that Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation.

**SEVENTEENTH DEFENSE**

17. As a separate defense to the Complaint, Defendants allege that Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

**EIGHTEENTH DEFENSE**

18. As a separate defense to the Complaint, Defendants allege that Plaintiff's causes of action are barred in whole or in part by the doctrine of accord and satisfaction.

**NINETEENTH DEFENSE**

19. As a separate defense to the Complaint, Defendants allege that Plaintiff's causes of action are barred in whole or in part by the doctrine of settlement and release.

**TWENTIETH DEFENSE**

20. As a separate defense to the Complaint, Defendants allege that they acted in good faith and had reasonable grounds for believing their actions did not violate the Labor Code.

**TWENTY-FIRST DEFENSE**

21. As a separate defense to the Complaint, Defendants allege that Plaintiff has failed to state facts sufficient to state a claim for punitive damages.

**TWENTY-SECOND DEFENSE**

22. As a separate defense to the Complaint, Defendants allege that Plaintiff's prayer for punitive damages is barred by the California and United States Constitutions.

**RELIEF REQUESTED**

WHEREFORE, Defendants prays for relief as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. For Defendants' cost of suit herein, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just.

Dated: May 13, 2004

ROBERT S. SHWARTS
MICHAEL D. WEIL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _______________
Michael D. Weil
Attorneys for Defendants
Aegis Mortgage Corporation and
Aegis Lending Corporation

**DECLARATION OF SERVICE BY MAIL**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, Old Federal Reserve Bank Building, 400 Sansome Street, San Francisco, California 94111-3143.

On May 13, 2004, I served upon plaintiff Jason McHann **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** by a placing true and correct copy thereof in a sealed envelope addressed as follows:

Kael M. Briski
The Briski Law Firm
257 North First Street, Suite 8
P.O. Box 1926
San Jose, CA 95109

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

Executed on May 13, 2004, in the City and County of San Francisco, State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kate Brandt

Kate Brandt

DOCSSF1:744164.1